### In re JOSEPH M. EATON BUILDERS, INC., Debtor.

James A. LEWIS, Esq., Trustee for James A. Lewis, Plaintiff,

v.

### TRIANGLE PACIFIC CORPORATION, Defendant.

Bankruptcy No. 87–765.
Adv. No. 87–361.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 5, 1988.

Thus, independently of the overlap period, debtors have clearly stated their § 547 claims.

James A. Lewis, James F. Hartzell, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., Trustee for Joseph M. Eaton Builders, Inc.

Christopher J. Richardson, Tucker Arensberg, P.C., Pittsburgh, Pa., for Triangle Pacific Corp.

### MEMORANDUM OPINION

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter presently before the Court is the Trustee's complaint for recovery of a preferential payment.

Joseph M. Eaton Builders, Inc. (Debtor), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 23, 1987. On or about January 9, 1987, Triangle Pacific Corporation (Defendant), indexed a judgment against Debtor in the amount of $4,202.34. On or about February 27, 1987, Debtor sold realty commonly known as 203 Springhouse Drive, Clairton, Pennsylvania 15025 to Donald R. and Rita J. Huckle (Buyers) for a stated consideration of $205,000.00. In order to convey the realty free and clear of liens and encumbrances defendant agreed to accept $1,800.00 and to release its lien upon receipt of payment. The release of lien is docketed with the Prothonotary of the Allegheny County Court of Common Pleas at No. GD–87–363.

The Settlement Statement and Addendum thereto (Plaintiff's Exhibit 5, docketed at Adversary No. 87–359) show that $1,800.00 was included in the amount paid by Buyers to Debtor and that Debtor paid this amount to defendant from the proceeds of sale at the closing.

Attached as Exhibit A to Defendant's Answer to the Trustee's Complaint is a letter from Martyn I. Gefsky, Esq., attorney for Buyers, to defendant's attorney, Matthew Carl. The letter stated that Mr. Gefsky was "hopeful of paying [defendant] the sum of $1,800.00 for the return of the enclosed Release from Lien...." The letter also stated that the check would be sent to Mr. Carl "[a]fter settlement and recordation". Attached to Defendant's Answer as Exhibit B is a copy of the front of a check dated February 26, 1987 drawn on Mr. Gefsky's law firm's account and made payable to defendant and Mr. Carl for the amount of $1,800.00. It was stipulated that $1,800.00 was paid and that, as a result of the payment, defendant released its lien. The Settlement Statement and the stipulation of fact between the parties established that the $1,800.00 was part of the $205,000 price paid by Buyers to Debtor in order to purchase the house. The funds were nothing if not Debtor's property at the time of transfer to defendant, even if they were in the constructive possession of the closing agent, *cf.*, 11 U.S.C. § 541(a), and the transfer violated 11 U.S.C. § 547.

### Discussion

Section 547 provides in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition

   *    *    *    *    *    *

(B) ... *and*

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The trustee bears the burden of proof of each element of subsection (b). 11 U.S.C. § 547(g). Subsection (f) establishes a presumption that the Debtor was insolvent during the ninety days preceding the filing of the petition.[1] Pursuant to subsection (g) defendant has the burden of proving that the transfer is not avoidable.

At trial defendant disputed that Debtor had an interest in the funds transferred, alleging that Debtor had not had unrestricted use of the money, the money was earmarked for defendant, there was no intent that the money would benefit Debtor, but rather that all benefit would inure to Buyers. Defendant's arguments for the most part circumvent the underlying problem, which is that the prepetition judgment obtained by defendant within the preference period was itself avoidable under § 547(b). *See also* 4 Collier on Bankruptcy ¶ 547.03, p. 19 (15th ed. 1979, 1987). It was argued by Trustee's counsel that the entry of the judgment constituted a preference and that the money transferred to defend-

ant as a result of the judgment lien was property in which Debtor had an interest. Both the entry of judgment and the payment occurred within 90 days of the filing of the bankruptcy petition, were for defendant's benefit on account of an antecedent debt, and were made while Debtor was insolvent.

It is clear from the record that the only reason defendant received any payment at the closing of the sale was because Buyers insisted on a title free and clear of encumbrances and would not obtain clear title unless this property was released from defendant's judgment lien. Absent the existence of the avoidable preferential transfer in the form of Defendant's judgment, defendant would have received no money.

Furthermore, the weight of the evidence establishes that the $1,800.00 paid to defendant came directly from the proceeds received by Debtor at the closing on the sale and was "earmarked" for defendant only in the sense that defendant's avoidable judgment had to be paid to convey clear title. The Debtor owned the property which was being sold and had an interest in the proceeds of the sale, including the $1,800.00 in question which was stipulated at trial to be part of the purchase price paid by the Huckles, to-wit, proceeds. Thus, at the time of its transfer to defendant, the $1,800.00 was property in which Debtor had an interest. The other elements of § 547 having been established, the Court finds that defendant must remit the sum of $1,800.00 to the Trustee.

An appropriate Order will be entered.

### ORDER

And now, to-wit, this 5th day of February, 1988, it is ORDERED, ADJUDGED AND DECREED that the transfer by Debtor to Triangle Pacific Corporation of the sum of $1,800.00 from the proceeds of sale of the realty at 203 Springhouse Drive, Clairton, PA 15025 constituted a transfer in violation of 11 U.S.C. § 547, is avoidable and is hereby avoided.

---

1. No testimony or evidence was offered by defendant to rebut this presumption.

**778**

It is FURTHER ORDERED that within 15 days hereof, Triangle Pacific Corporation shall remit the sum of $1,800.00 to James A. Lewis, Esq., Trustee for Joseph M. Eaton Builders, Inc.

It is FURTHER ORDERED that the Clerk of this Court is directed to close this adversary action inasmuch as the relief requested in the complaint has been granted.